IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

_____

UNITED STATES OF AMERICA

v.                                                                        24-CR-6088-FPG

JAVIER DAVILA a/k/a Javi,

            Defendant.

_____

## PLEA AGREEMENT

The defendant, JAVIER DAVILA, and the United States Attorney for the Western District of New York (hereinafter "the government") hereby enter into a plea agreement with the terms and conditions as set out below.

### I.    THE PLEA AND POSSIBLE SENTENCE

1.      The defendant agrees to waive indictment and plead guilty to a one-count Information which charges a violation of Title 21, United States Code, Section 846 (conspiracy to possess with intent to distribute, and distribute, cocaine and fentanyl), for which the  maximum possible sentence is a term of imprisonment of 20 years, a fine of $1,000,000, a mandatory $100 special assessment, and a term of supervised release of at least 3 years and up to life. The defendant understands that the penalties set forth in this paragraph are the minimum and maximum penalties that can be imposed by the Court at sentencing.

2.      The defendant understands that, if it is determined that the defendant has violated any of the terms or conditions of supervised release, the defendant may be required to serve in prison all or part of the term of supervised release, up to 2 years, without credit for

time previously served on supervised release. As a consequence, a prison term imposed for a violation of supervised release may result in the defendant serving a sentence of imprisonment longer than the statutory maximum set forth in ¶ 1 of this agreement.

## II.    ELEMENTS AND FACTUAL BASIS

3.    The defendant understands the nature of the offense set forth in ¶ 1 of this agreement and understands that if this case proceeded to trial, the government would be required to prove beyond a reasonable doubt the following elements of the crime:

First, that an agreement existed between two or more persons to commit a controlled substance felony offense, to wit, to possess with intent to distribute, and to distribute, a controlled substance;

Second, that the defendant knew of the existence of the agreement; and

Third, that the defendant intended to participate in the unlawful agreement.

## FACTUAL BASIS

4.    The defendant and the government agree to the following facts, which form the basis for the entry of the plea of guilty including relevant conduct:

a.    Between in or about December 2023, and on or about January 17, 2024, in Monroe County, in the Western District of New York, and elsewhere, the defendant, JAVIER DAVILA a/k/a Javi, did knowingly and intentionally combine, conspire, and agree with Timothy Jackson, Jr. a/k/a T a/k/a T-Rock, Gary Fuller a/k/a G, Felicia Collins a/k/a Keisha, and others, known and unknown, to possess with intent to distribute, and distribute, cocaine and fentanyl, both Schedule II controlled substances. The defendant admits the purpose of the conspiracy was to sell cocaine and fentanyl for profit.

b.    In furtherance of the conspiracy, the defendant monitored the surveillance cameras at 49 Angle Street in the City of Rochester and directed customers from 49 Angle Street to other houses on Angle Street that Jackson utilized to sell cocaine and fentanyl from, including 69

2

Angle Street and 19 Angle Street.  Jackson paid the defendant in cocaine or cash, and also permitted the defendant to sleep at 49 Angle Street.

c.      On January 17, 2024, law enforcement executed search warrants at multiple locations in the City of Rochester utilized by members of the conspiracy, including the drug house at 49 Angle Street. Upon entry, law enforcement encountered the defendant alone on the living room floor. During the search, officers seized one (1) digital scale, multiple cell phones; new/unused bags for packaging narcotics in an ammunition can; two Visa cards in the defendant's name; surveillance system with monitor; one (1) 9mm Luger (9x19mm) caliber, Smith and Wesson M&P9 Shield M2.0, semiautomatic pistol with a defaced serial number, loaded with seven (7) rounds of 9mm ammunition; and 800 vials of cocaine weighing approximately 44.64 grams. Law enforcement also seized the defendant's cell phone, over which he was intercepted pursuant an eavesdropping warrant speaking to Jackson and other co-conspirators in furtherance of the narcotics conspiracy.

d.      For purposes of this plea agreement only, the parties agree that, less than 50 grams of cocaine is the amount involved in the defendant's relevant conduct encompassed in the Information which could be readily proven by the government against the defendant at a sentencing hearing.

## III.    SENTENCING GUIDELINES

5.      The defendant understands that the Court must consider but is not bound by the Sentencing Guidelines (Sentencing Reform Act of 1984).

## BASE OFFENSE LEVEL

6.      The government and the defendant agree that Guidelines §§ 2D1.1(a)(5) and 2D1.1(c)(14) apply to the offense of conviction and provide for a base offense level of 12.

3

## SPECIFIC OFFENSE CHARACTERISTICS
## U.S.S.G. CHAPTER 2 ADJUSTMENTS

7.      The government and the defendant agree that the following specific offense

characteristic applies:

a.      the two-level increase pursuant to Guidelines § 2D1.1(b)(1) (possession
        of dangerous weapon).

## U.S.S.G. CHAPTER 3 ADJUSTMENTS

8.      The government and the defendant agree that the following adjustment to the

base offense level applies:

a.      the two-level decrease of Guidelines § 3B1.2(b) (minor participant).

## ADJUSTED OFFENSE LEVEL

9.      Based on the foregoing, it is the understanding of the government and the

defendant that the defendant's adjusted offense level for the offense of conviction is 12.

## ACCEPTANCE OF RESPONSIBILITY

10.     At sentencing, the government agrees not to oppose the recommendation that

the Court apply the two (2) level decrease of Guidelines § 3E1.1(a) (acceptance of

responsibility), which would result in a total offense level of 10.

## CRIMINAL HISTORY CATEGORY

11.     It is the understanding of the government and the defendant that the

defendant's criminal history category is I. The defendant understands that if the defendant is

sentenced for, or convicted of, any other charges prior to sentencing in this action the

defendant's criminal history category may increase. The defendant understands that the

defendant has no right to withdraw the plea of guilty based on the Court's determination of the defendant's criminal history category.

## GUIDELINES' APPLICATION, CALCULATIONS, AND IMPACT

12.     It is the understanding of the government and the defendant that, with a total offense level of **10** and criminal history category of **I**, the defendant's sentencing range would be a term of imprisonment of **6 to 12 months**, a fine of **$4,000 to $1,000,000**, and a period of supervised release of **3 years**. Notwithstanding this, the defendant understands that at sentencing the defendant is subject to the minimum and maximum penalties set forth in ¶ 1 of this agreement.

13.     The government and the defendant agree to the Sentencing Guidelines calculations set forth in this agreement and neither party will advocate or recommend the application of any other Guideline, or move for any Guidelines departure, or move for or recommend a sentence outside the Guidelines, except as specifically set forth in this agreement. A breach of this paragraph by one party will relieve the other party of any agreements made in this plea agreement with respect to sentencing motions and recommendations. A breach of this paragraph by the defendant shall also relieve the government from any agreements to dismiss or not pursue additional charges.

14.     The defendant understands that the Court is not bound to accept any Sentencing Guidelines calculations set forth in this agreement and the defendant will not be entitled to withdraw the plea of guilty based on the sentence imposed by the Court.

15.     In the event that the Court contemplates any Guidelines adjustments, departures, or calculations different from those agreed to by the parties above, the parties reserve the right to answer any inquiries by the Court concerning the same.

## IV.     STATUTE OF LIMITATIONS

16.     In the event the defendant's plea of guilty is withdrawn, or conviction vacated, either pre- or post-sentence, by way of appeal, motion, post-conviction proceeding, collateral attack or otherwise, the defendant agrees that any charges dismissed pursuant to this agreement shall be automatically reinstated upon motion of the government and further agrees not to assert the statute of limitations as a defense to any federal criminal offense which is not time barred as of the date of this agreement. This waiver shall be effective for a period of six months following the date upon which the withdrawal of the guilty plea or vacating of the conviction becomes final.

## V.     REMOVAL

17.     The defendant represents that he is a citizen of the United States. However, if the defendant is not a citizen of the United States, the defendant understands that, if convicted, the defendant may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

## VI.   GOVERNMENT RIGHTS AND OBLIGATIONS

18.   The defendant understands that the government has reserved the right to:

a.   provide to the Probation Office and the Court all the information and evidence in its possession that the government deems relevant concerning the defendant's background, character and involvement in the offenses charged, the circumstances surrounding the charge and the defendant's criminal history;

b.   respond at sentencing to any statements made by the defendant or on the defendant's behalf that are inconsistent with the information and evidence available to the government;

c.   advocate for a specific sentence consistent with the terms of this agreement including the amount of a fine and the method of payment; and

d.   modify its position with respect to any sentencing recommendation or sentencing factor under the Guidelines including criminal history category, in the event that subsequent to this agreement the government receives previously unknown information, including conduct and statements by the defendant subsequent to this agreement, regarding the recommendation or factor.

19.   At sentencing, the government will move to dismiss the Criminal Complaint pending against the defendant under Magistrate's No. 24-MJ-4013.

20.   The defendant agrees that any financial records and information provided by the defendant to the Probation Office, before or after sentencing, may be disclosed to the United States Attorney's Office for use in the collection of any unpaid financial obligation.

7

## VII.   APPEAL RIGHTS

21.    The defendant understands that Title 18, United States Code, Section 3742 affords a defendant a limited right to appeal the sentence imposed. The defendant, however, knowingly waives the right to appeal and collaterally attack any component of a sentence imposed by the Court which falls within or is less than a sentence of imprisonment of **6 to 12 months**, a fine of **$4,000 to $1,000,000**, and a period of supervised release of **3 years**, notwithstanding the manner in which the Court determines the sentence. In the event of an appeal of the defendant's sentence by the government, the defendant reserves the right to argue the correctness of the defendant's sentence.

22.    The defendant understands that by agreeing not to collaterally attack the sentence, the defendant is waiving the right to challenge the sentence in the event that in the future the defendant becomes aware of previously unknown facts or a change in the law which the defendant believes would justify a decrease in the defendant's sentence.

23.    The government waives its right to appeal any component of a sentence imposed by the Court which falls within or is greater than a sentence of imprisonment of **6 to 12 months**, a fine of **$4,000 to $1,000,000**, and a period of supervised release of **3 years**, notwithstanding the manner in which the Court determines the sentence. However, in the event of an appeal from the defendant's sentence by the defendant, the government reserves its right to argue the correctness of the defendant's sentence.

## VIII.  FORFEITURE PROVISIONS

24.    The defendant acknowledges that the defendant is the owner and/or exercised dominion and control over the firearm and ammunition described below and agrees to immediately criminally forfeit all of the defendant's right, title and interest to any and all property which is subject to forfeiture pursuant to Title 18, United States Code, Sections 924(d) and 3665, and Title 28, United States Code, Section 2461(c), which is in the possession and control of the defendant or the defendant's nominees. That property includes the following:

a.    One (1) 9mm Luger (9x19mm) caliber, Smith and Wesson M&P9 Shield M2.0, semiautomatic pistol, bearing serial number JND0149; and

b.    Five (5) rounds of 9mm ammunition.

25.    The defendant agrees not to file a claim or petition seeking remission or contesting the forfeiture of the property listed above in any administrative or judicial (civil or criminal) proceeding. The defendant further agrees not to assist any person or entity in the filing of any claim or petition seeking remission or contesting the forfeiture of the property listed above in any administrative or judicial (civil or criminal) forfeiture proceeding.  Further, if any third party files a claim or petition to the property listed above, the defendant will assist the government in litigating such claim.

26.    After the acceptance of the defendant's guilty plea, and pursuant to Rule 32.2(b)(2) of the Federal Rules of Criminal Procedure, the Court will issue a Preliminary Order of Forfeiture for the property listed above. The defendant hereby waives any right to notice of such Preliminary Order of Forfeiture. The defendant further consents and agrees

9

that the Preliminary Order of Forfeiture and a Final Order of Forfeiture shall issue and become final as to the defendant prior to sentencing and agrees that it shall be made part of the defendant's sentence and included in the judgment pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure. The defendant hereby waives any right to notice of such Preliminary Order of Forfeiture). The defendant further agrees to waive any time restrictions or requirements as provided in Title 18, United States Code, Section 983, any notice provisions in Rules 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. The defendant knowingly and voluntarily waives his right to any required notice concerning the forfeiture of any of the property forfeited hereunder, including notice set forth in an indictment, information, or administrative notice. The defendant acknowledges that the defendant understands that the forfeiture of property is part of the sentence that may be imposed in this case and waives any failure by the Court to advise the defendant of this, pursuant to Rule 11(b)(1)(J), at the time the guilty plea is accepted. Forfeiture of the defendant's property shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon the defendant in addition to forfeiture.

27.     The defendant knowingly, intelligently, and voluntarily waives his right to a jury trial on the forfeiture of the property. The defendant knowingly, intelligently, and voluntarily waives all constitutional, legal and equitable defenses to the forfeiture of the property in any proceeding, whether constitutional or statutory, including but not limited to, any defenses based on principles of double jeopardy, as to this criminal proceeding or any related civil or administrative proceeding, the Ex Post Facto clause of the Constitution, any

applicable statute of limitations, venue, or any defense under the Eighth Amendment, including a claim of excessive fines.

28.     The defendant agrees that the above-described property is subject to forfeiture and waives any and all statutory and constitutional rights, including but not limited to time restrictions and notice provisions with respect to the final disposition or forfeiture of the above property. The defendant further agrees to the destruction of the above referenced property.

29.     The defendant further agrees that the forfeiture of the aforementioned property as authorized herein shall not be deemed an alteration of the defendant's sentence.  Forfeiture of the defendant's property shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, any income taxes, or any other penalty that the Court may impose upon the defendant in addition to forfeiture and shall survive bankruptcy.

30.     The defendant agrees that in the event this plea agreement is voided for any reason, the agreement for forfeiture, abandonment and disposition of the currency, firearm, and ammunition survive and shall be given full force and effect. The failure of the defendant to forfeit any property as required under this agreement, including the failure of the defendant to execute any document to accomplish the same on timely notice to do so, may constitute a breach of this agreement.

31.     The defendant agrees that for any reason, in any pleadings before the Court or any order of the Court, to include but not limited to the Preliminary and/or Final Order of Forfeiture and the Judgment and Commitment, if the government fails to properly identify an item to be forfeited, fails to include any item that is forfeitable under the applicable

forfeiture statute in this case or includes a clerical or technical error, the defendant will consent and not oppose any effort by the government to amend, correct or add to the description/list of items subject to forfeiture in this case. Additionally, to the extent necessary and at the discretion of the United States Attorney's Office, the defendant further agrees in the alternative, to the abandonment or civil forfeiture of any items that were excluded from the original description of items to be forfeited. Finally, if not specially identified or listed above, the defendant agrees to the abandonment of any and all cellular phones, computers and electronic equipment seized by law enforcement in this case.

## IX.    TOTAL AGREEMENT AND AFFIRMATIONS

32.    This plea agreement represents the total agreement between the defendant, JAVIER DAVILA, and the government. There are no promises made by anyone other than those contained in this agreement. This agreement supersedes any other prior agreements, written or oral, entered into between the government and the defendant.

TRINI E. ROSS
United States Attorney
Western District of New York

BY:    _____
ROBERT A. MARANGOLA
Assistant United States Attorney

Dated:  September _18_, 2024

I have read this agreement, which consists of pages 1 through 13. I have had a full opportunity to discuss this agreement with my attorney, DAVID R. MORABITO, Esq. I agree that it represents the total agreement reached between me and the government. No promises or representations have been made to me other than what is contained in this

agreement. I understand all of the consequences of my plea of guilty. I fully agree with the contents of this agreement. I am signing this agreement voluntarily and of my own free will.

_____
JAVIER DAVILA
Defendant

Dated: September 18, 2024

_____
DAVID R. MORABITO, ESQ.
Attorney for the Defendant

Dated: September 18, 2024

13